IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

TED CHANDLER and                                                                         PLAINTIFFS
MARTHA CHANDLER

VS.                                      3:12-CV-00104-BRW

JACOBS ENGINEERING GROUP, INC., et al.                          DEFENDANTS

## ORDER

Pending is Defendant Jacobs Engineering Group, Inc.'s Motion to Remand (Doc. No. 21). Plaintiffs have responded.[1] For the reasons explained below, Defendant's Motion to Remand (Doc. No. 21) is DENIED.

## I. INTRODUCTION

Plaintiffs Ted and Martha Chandler, citizens of the State of Mississippi, brought this personal injury action in the Circuit Court of Crittenden County, Arkansas, against Defendants: (1) Jacobs Engineering Group, Inc. ("Jacobs"), a Delaware corporation with its principle place of business in the State of Arkansas; (2) Paul David Penn, an Arkansas citizen; (3) Mark Asher, an Arkansas citizen; (4) Charles P. Brand, a Louisiana citizen; (5) Robert Wilcox, Jr., an Arkansas citizen; (6) L. Tony Sullivan, an Arkansas citizen; and (7) APAC-Tennessee, Inc. ("APAC"), a Delaware corporation with its principal place of business in the State of Tennessee.[2] Defendants Brand and Sullivan were later dismissed by the circuit court based on Plaintiffs' Motion for Voluntary Nonsuit/Dismissal.[3] Defendant APAC then filed a Notice of Removal asserting

---

[1]Doc. No. 24.

[2]Doc. No. 1.

[3]Doc. No. 8.

1

federal diversity jurisdiction under 28 U.S.C. §§ 1441 and 1332.[4]  Defendants Penn, Asher, and Wilcox were then dismissed without prejudice based on Plaintiffs' motion.[5]  Defendants APAC and Jacobs remain.

Defendant Jacobs now requests this Court to remand the case to Crittenden County Circuit Court.[6]  Both Jacobs and APAC have filed briefs in support of remand and Plaintiffs have responded in opposition.[7]

**II. DISCUSSION**

Under 28 U.S.C. § 1441(a), when a plaintiff files a complaint in state court that could have been filed originally in federal court, the defendant may remove the action to federal court.[8]  A federal court has original subject matter jurisdiction based on diversity if each plaintiff is of diverse citizenship from each defendant and the requisite amount in controversy is met.[9]  For diversity purposes, a person is a citizen of the state in which that person is domiciled, and a corporation is a citizen of any state in which it is incorporated and of the state in which it has its principal place of business.[10]

---

[4]Doc. No. 1.

[5]Doc. Nos. 11, 12.

[6]Doc. Nos. 21.

[7]Doc. Nos. 22, 23, 24.

[8] 28 U.S.C. § 1441(a).

[9]28 U.S.C. § 1332.

[10]*Id.*

Removal based on diversity is only proper if none of the defendants are citizens of the forum state.[11] As a general rule, removability is determined from the record at the time the notice of removal was filed.[12] A party seeking to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" must petition the court within 30 days after notice of removal has been filed.[13] Otherwise, the defect is waived.[14]

Here, at the time Defendant APAC filed its Notice of Removal, this Court had subject matter jurisdiction under § 1332 because Plaintiffs were of diverse citizenship from each defendant. Defendants improperly removed this case because, at the time the notice of removal was filed, three of the defendants were citizens of the forum state. Defendants APAC and Jacobs now seek to have this case remanded to state court on the basis of improper removal. Defendants' basis for remand, however, is on a defect other than lack of subject matter jurisdiction -- improper removal under § 1441(b)(2) -- and, therefore, their objection had to be raised within the 30-day time period set forth in § 1447(c). It was not. Accordingly, Defendant's Motion to Remand is DENIED.

IT IS SO ORDERED this 27th day of August, 2012.

/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[11] 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."); see *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005).

[12] *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 73 (1996); *Slater v. Republic-Vanguard Ins. Co.*, 650 F.3d 1132, 1134 (8th Cir. 2011).

[13] 28 U.S.C. § 1447(c).

[14] *Blackburn v. United Parcel Service, Inc.*, 179 F.3d 81 n. 3 (3rd. Cir. 1999).