IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TED CHANDLER and MARTHA CHANDLER                                      PLAINTIFFS

VS.                              3:12CV00104-BRW

JACOB ENGINEERING GROUP, INC., *et al.*                               DEFENDANTS

ORDER

Pending are Plaintiffs' Motion to Exclude Expert Testimony of Certain Defense Witnesses (Doc. No. 94) and Motion to Exclude the Testimony of Scott Turner (Doc. No. 95). Also pending are Defendants' Motion to Exclude the Testimony of Ernst Peters (Doc. No. 97) and Motion for Summary Judgment (Doc. Nos. 98, 99). For the reasons set out below, the motions are DENIED.

**1.  Plaintiffs' Motion to Exclude Expert Testimony of Certain Defense Witnesses**

Plaintiffs contend that Shane Meyer, Jeff Adams, Elizabeth Mayfield Hart, Lynn Parrish, James Smith, and Max Watson should all be excluded as experts because Defendants did not submit any Federal Rule of Civil Procedure 26(a)(2)(B) expert reports by the deadline set out in the scheduling order. Since no brief accompanied Plaintiffs' motion, no other information about these witnesses was provided.

Defendants response detailed each witness mentioned in Plaintiffs' motion. Shane Meyer was the police officer who investigated the wreck; Jeffrey Adams is an engineer at the Arkansas Highway and Transportation Department; Elizabeth Mayfield-Hart is also a AHTD employee and is familiar with "traffic counts" on roadways; Lynn Parrish is vice president of safety and risk management for a company that provided services to Plaintiffs' employer; and James Smith and Max Watson are Defendants' employees.

Rule 26(a)(2)(B), titled "Witnesses Who Must Provide a Written Report," affects witnesses who are "retained or specifically employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Based on Defendants' representations, it does not appear that any of the witnesses listed in Plaintiffs' motion are the type required to supply an expert report under FRCP 26(a)(2)(B). Accordingly the motion is DENIED.

To the extent that Plaintiffs are arguing that the witnesses were disclosed two days after the deadline, the motion is DENIED, since there appears to be no prejudice to Plaintiffs. All of the witnesses, except for Ms. Mayfield-Hart have been deposed already. If Plaintiffs want to depose Ms. Mayfield-Hart, they should forthwith inform Defendants and the parties should cooperate in getting the deposition scheduled.

**2. Plaintiffs' Motion to Exclude the Testimony of Scott Turner**

Plaintiffs contend that Mr. Scott Turner's testimony should be excluded because he is not qualified to offer the opinions in his report, since he is "neither an accident reconstructionist nor human factors expert."[1] Plaintiffs also point out that he "cannot testify to the ultimate issue in the case, which is before the jury, i.e. negligence."[2]

Plaintiffs' challenges to Mr. Turner's qualifications are issues that can be brought up during cross examination. As for testifying about the ultimate issue in the case, I agree that the witness will be expected to provide more than just a conclusion. Additionally, Plaintiffs point out that Defendants "offered Turner as an expert to rebut Ernie Peters," (their case in chief

---

[1] Doc. No. 96.

[2] *Id.*

2

expert) and that expert opinion is not needed in this case because the "testimony is within the jury's knowledge or experience."[3]  If so, perhaps Plaintiffs' case-in-chief expert is not necessary.

Plaintiffs' Motion is DENIED.

### 3. Defendants' Motion to Exclude the Testimony of Ernst Peters

Each of the issues raised in Defendants' motion may be points for cross-examination, but not pretrial exclusions so the motion is DENIED.

Defendants contend that they were not provided with Ernst Peters's resume until the day after he was deposed, so his testimony should be excluded.  Defendants may conduct a short -- no more than an hour -- deposition regarding Mr. Peters's resume and qualifications.

### 4. Defendants' Motion for Summary Judgment

The undisputed facts are that Plaintiffs were involved in a single-vehicle accident in a construction zone that was set up by Defendants.  The disputed facts are whether the construction zone set-up or Plaintiffs' driving was the cause of the accident.  This is not a fact situation that would warrant summary judgment.  Accordingly, the motion is DENIED.

IT IS SO ORDERED this 2nd day of May, 2014.


/s/Billy Roy Wilson
UNITED STATES DISTRICT JUDGE

---

[3] *Id.*