IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

TED CHANDLER and MARTHA CHANDLER                                    PLAINTIFFS

VS.                                  3:12CV00104-BRW

JACOB ENGINEERING GROUP, INC., *et al.*                             DEFENDANTS

## ORDER

1. **Plaintiffs' Motion in Limine to Exclude Videos from December 2010 and January 9, 2011 (Doc. No. 119)** is DENIED, assuming Defendant can establish a proper foundation.

2. **Plaintiffs' omnibus Motion in Limine (Doc. No. 121)** is GRANTED in PART and DENIED in PART.

   - **Motion in Limine No. 1** -- Plaintiffs' motion to exclude references to the fact that he receives social security disability and insurance payments is GRANTED. Defendant concedes the motion.

   - **Motion in Limine No. 2** -- Plaintiffs ask that Defendant be prevented from using leading questions for its witness. The parties are expected to comply with Federal Rule of Evidence 611.

   - **Motion in Limine No. 3 --** Plaintiffs' request to exclude testimony regarding the number of other vehicles that drive through the area where the accident occurred is DENIED, assuming Defendant can establish that there were no similar accidents, that is, proximately caused by the alleged defects in the construction zone. It appears, however, that establishing that the other accidents were not caused by Plaintiffs' alleged defects would involve a trial within a trial; that is too

much ado, which may be excludable under FRE 403. In other words, I may change my mind on this point.

- **Motion in Limine No. 4** -- Plaintiffs' motion to exclude reference to any of Ted Chandler's medical conditions before the accident is DENIED.

- **Motion in Limine No. 5** -- Plaintiffs' motion to exclude the testimony of certain witnesses is DENIED for the same reasons set out in the May 2, 2014 Order.[1]

- **Motion in Limine No. 6** -- Plaintiffs seek to exclude any photos or videos of the area in question, except for those taken or record on the date closed to the day the wreck occurred. The request is DENIED, assuming Defendant can establish a proper foundation. Even assuming Defendant can establish a proper foundation for the later made photos or videos, only a reasonable number will be permitted.

- **Motion in Limine No. 7** -- Plaintiffs' request that Defendant be directed to use word "commercial motor vehicle driver" rather than "professional truck driver" is DENIED.

- **Motion in Limine No. 8** -- Plaintiffs' motion to prevent Defendant from telling the jury that he was "driving too fast" or "speeding" is DENIED.

- **Motion in Limine No. 9** -- Plaintiffs' request that Defendant be prevented from eliciting testimony from Lynn Parrish as to the cause of the accident is DENIED.

- **Motion in Limine No. 10** -- Plaintiffs' motion to exclude any reference to "other accident reports from law enforcement" regarding the same area is DENIED.

IT IS SO ORDERED this 29th day of May, 2014.

                                  /s/ Billy Roy Wilson
                                  UNITED STATES DISTRICT JUDGE

---

[1] Doc. No. 112.